PER CURIAM
*839 *597 Defendant appeals a judgment of conviction for attempted fourth-degree assault constituting domestic violence and for harassment, both misdemeanors. She advances two assignments of error. In her first assignment, she argues that the trial court erred by failing to interject sua sponte with a curative instruction or by declaring a mistrial after the prosecutor made improper arguments to the jury. We reject that assignment without published discussion.
In her second assignment, defendant argues that the trial court erred by including in the judgment a provision stating, "Defendant is ordered to submit blood or buccal sample and thumbprint pursuant to ORS 137.076." That statute, defendant points out, applies upon conviction of a felony and certain other enumerated offenses, and defendant was convicted of no qualifying offense. She asks that we remand "with instructions to delete that provision from the judgment of conviction and, if necessary, destroy any samples already collected."
The state concedes that the statute does not apply to defendant's misdemeanor convictions and that the trial court erred by including the provision in the judgment.[1] See ORS 137.076(1) ("This section applies to any person convicted of: (a) A felony; (b) Sexual abuse in the third degree or public indecency; (c) Conspiracy or attempt to commit rape in the third degree, sodomy in the third degree, sexual abuse in the second degree, burglary in the second degree or promoting prostitution; or (d) Murder or aggravated murder."). We agree, accept the concession, and reverse and remand with instructions for the trial court to delete that provision from the judgment and enter an order to, if necessary, destroy any samples already collected.
Remanded for entry of judgment omitting provision regarding blood and buccal sample and entry of an order to destroy any samples already collected; otherwise affirmed.

The state acknowledges that the parties and the trial court never discussed that provision, which appeared for the first time in the judgment. For that reason, the state also correctly concedes that the ordinary rules of preservation are not applicable in this circumstance.